**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Jackie M. Hill,**<br><br>**Debtor .**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,**<br>**Movant,**<br><br>**v.**<br><br>**Jackie M. Hill,**<br><br>**Debtor/Respondent,**<br><br>**Larry D Hill,**<br><br>**Co-Debtor/Respondent,**<br><br>**KENNETH E. WEST,**<br><br>**Trustee/Additional Respondent.** | **Bankruptcy No. 25-13039-amc**<br><br>**Chapter 13**<br><br>**Hearing Date: December 8, 2026**<br>**Hearing Time: 11:00 A.M.**<br>**Hearing Location: 900 Market Street, Suite 204 Philadelphia, PA 19107**<br>**Courtroom Number #4** |

**MOTION OF FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST TO PERMIT FORECLOSURE OF 314 E BASIN STREET, NORRISTOWN, PENNSYLVANIA 19401**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST (“Movant” or “Secured Creditor”), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the United States Bankruptcy Code (“Code”) for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Jackie M. Hill ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on July 30, 2025.
2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.
3. On May 27, 2005, Jackie M. Hill and Larry D Hill executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $92,000.00 in favor of American General Consumer Discount Company. A true and correct copy of the Note is attached hereto as Exhibit "A".
4. The Mortgage was recorded June 15, 2005 in Book 11493 at Page 0453 of the Public Records of Montgomery County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".
5. The Mortgage was secured as a lien against the real property located at 314 E. Basin Street, Norristown, Pennsylvania 19401, (the "Property").
6. The parties entered into a Loan Modification ("Agreement") on November 4, 2013, creating a new principal balance of $111,184.19. A true and correct copy of the Agreement is attached hereto as Exhibit "C".
7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST and same recorded with the Montgomery County Recorder of Deeds on October 29, 2026, as Book 16324 and Page 00419 to 00421, Instrument Number 2026064608. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtor(s)' Second Amended Chapter 13 Plan (Docket No. 17), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Debtor(s)' Second Amended Chapter 13 Plan is attached hereto as Exhibit "E."

**10.** Larry D Hill ("Co-Debtor"), is also liable on and/or has secured the aforementioned debt jointly with the Debtor(s).

11. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,121.21 which came due on May 1, 2026 through August 1, 2026 and $1,218.02 which came due on September 1, 2026 through November 1, 2026. *see* Exhibit "F".

12. Thus, Debtor(s)' post-petition arrears total $7,979.79, after application of the suspense balance of ($159.11), through November 30, 2026. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above. In addition, Debtor shall be responsible for related legal fees and costs in prosecution of this action.

13. As of November 12, 2026, the unpaid principal balance due under the loan documents is $91,365.87. Movant's total claim amount, itemized below, is $111,231.78. *see* Exhibit "F".

| | |
|---|---|
| Principal Balance | $91,365.87 |
| Interest 11/12/2026 | $8,248.07 |

| | |
|---|---|
| Escrow Advance | $6,134.74 |
| Total-Fees | $58.75 |
| Recoverable Balance | $5,597.91 |
| Suspense Balance | ($173.56) |
| Total Payoff | $111,231.78 |

14. Debtor(s)' docketed schedules list the value of the Property as $179,840.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".
15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.
16. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.
17. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.
18. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.
19. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the

Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: November 16, 2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: (814) 504-2613
By: /s/ Robert Shearer
Robert Shearer, Esquire
Pennsylvania Bar Number 83745
Email: rshearer@raslg.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br>**Jackie M. Hill,** | **CHAPTER: 13** |
| **Debtor.** | **CASE NO. 25-13039-amc** |

**DECLARATION OF INDEBTEDNESS**

Property Address:
314 E Basin Street, Norristown, Pennsylvania 19401

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, Attn: Bk Dept., 3501 Olympus Boulevard, Suite 500, Dallas, Texas 75019

Mortgagor(s)/Debtor(s):
Jackie M. Hill and Larry D Hill

Payments are contractually due:

☒ Monthly ☐ Semi-monthly ☐ Bi-weekly ☐ Other ____

Each Monthly Payment is comprised of:

| | | |
|---|---|---|
| Principal and Interest..... | $642.83 | |
| R.E. Taxes..................... | $575.19 | |
| Insurance....................... | $0.00 | |
| Late Charge.................... | $0.00 | |
| Other.............................. | $0.00 | (Specify: N/A) |
| **TOTAL**......................... | $1,218.02 | |

**POST-PETITION PAYMENTS** (Petition was filed on July 30, 2025)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| Arrears Due | - | $1,121.21 | 5/1/2026 | $159.11 | - |
| Arrears Due | - | $1,121.21 | 6/1/2026 | - | - |
| Arrears Due | - | $1,121.21 | 7/1/2026 | - | - |
| Arrears Due | - | $1,121.21 | 8/1/2026 | - | - |
| Arrears Due | - | $1,218.02 | 9/1/2026 | - | - |
| Arrears Due | - | $1,218.02 | 10/1/2026 | - | - |
| Arrears Due | - | $1,218.02 | 11/1/2026 | - | - |
| | | TOTAL: $8,138.90 | | $159.11 | |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 7 as of November 12, 2026.
TOTAL AMOUNT OF POST-PETITION ARREARS: $7,979.79, after application of the suspense balance of ($159.11) as of November 12, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated: 11/13/26

Selene Finance LP
Mortgage Company

Christine Le Bankruptcy Specialist
(Print Name and Title)

Selene Finance LP
Location

Signature